UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS R. MILLER, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>EDWARD M. WEINMANN, et al.,<br><br>    Defendants | Case No.: 2:19-cv-02213-APG-DJA<br><br>**Order Granting Defendants' Motion in Limine to Exclude Any Evidence, Questioning, or Argument Relating to Edward Weinmann's Chiropractic License Probation**<br><br>[ECF Nos. 102, 105] |

Defendants Edward Weinmann and Advanced Masonry Consulting, Inc. seek to exclude any evidence that the Virginia Board of Medicine put Weinmann's chiropractic license on probation. In 2003, Weinmann signed a consent order that placed his license on indefinite probation because his company, Lifeline Total Healthcare, P.C. (Lifeline), pleaded guilty to health care fraud. ECF No. 102-2. Because these events are stale, I grant the defendants' motion.

The consent order was signed over 20 years ago and Lifeline entered its plea agreement 25 years ago. *Id.* Therefore, these events are too remote to be probative of Weinmann's character for truthfulness under Federal Rule of Evidence 608(b). *See United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989) ("[R]emoteness remains a relevant factor for the trial court to consider in assessing the probative value of the evidence."). The plaintiffs argue that the consent order was signed only a few years before Weinmann contacted the plaintiffs to discuss selling and promoting Omni Blocks. But this evidence is relevant only to Weinmann's credibility as a testifying witness because his character for truthfulness is not at issue in the plaintiffs' claims for trademark infringement or Lanham Act unfair competition. So the relevant

temporal consideration is the amount of time between when the specific instances occurred and when Weinmann testifies.

The plaintiffs' argument that Weinmann signed the consent order shortly before contacting them shows the risk that this evidence could be used for a purpose other than evaluating Weinmann's character for truthfulness. The plaintiffs indicate they would use the consent order and Lifeline's plea agreement for something other than evaluating Weinmann's credibility on the stand, saying that, had they known about the consent order or plea agreement, they never would have done business with Weinmann. The plaintiffs cannot use Rule 608(b) to bypass Rule 404's prohibition on using character evidence to show that someone acted in accordance with that character trait. *See* Fed. R. Evid. 404(a)(1).

Although fraud is probative of truthfulness, the consent order does not state that Weinmann committed fraud. And if he had been personally convicted, the evidence would be subject to Rule 609(b)'s ten-year limitation. The defendants assert that if Weinmann was questioned on the topic, he would testify that his billing agent made the errors, and Weinmann was punished for not adequately supervising his staff. The plaintiffs argue that Weinmann was Lifeline's sole owner, so its actions should be imputed to him. Regardless of whether Weinmann was involved in the healthcare fraud, the age of these events minimizes their relevance to his character for truthfulness now.

Finally, the risk of creating a mini trial on this issue substantially outweighs the probative value to Weinmann's credibility on the stand. To the extent the consent order is even relevant, its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and undue delay. *See* Fed. R. Evid. 403.

I THEREFORE ORDER that the defendants' motion in limine **(ECF No. 102) is GRANTED.**

DATED this 22nd day of September, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE