## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| DENNIS R. MILLER, et al., | Case No.: 2:19-cv-02213-APG-DJA |
| Plaintiffs | **Order on Bills of Costs** |
| v. | [ECF Nos. 148, 150, 151, 153] |
| EDWARD M. WEINMANN, et al., |  |
| Defendants |  |

The defendants filed a Bill of Costs requesting $13,778.44. ECF No. 148.  The plaintiffs object only to the request for $8,488.74 for photocopies, binders, and tabs. ECF No. 153 at 2. They claim the number of copies and the per page charges are excessive. *Id*.  The plaintiffs have not shown that the per page prices are excessive, but they have shown that the number of copies requested for taxation is excessive.

The court may tax the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  This District's Local Rule 54-6 allows taxation of the "costs of copies of trial exhibits for the judge and opposing parties," but disallows the "cost of copies obtained for an attorney's own use."  The defendants state that their copying costs were for trial binders they prepared "for counsel for the parties, the court, the court clerk and the witness stand (along with two extra sets)." ECF No. 155 at 2.  The defendants' proposed trial exhibits were contained in three binders per set.  The defendants' Bill of Costs shows that 24 binders were used. ECF No. 148 at 11.  Thus, I presume eight sets of trial exhibit binders were created.  Assuming the copies and tabs were equally divided among those eight sets, the cost per set would be $1,061.09.  Multiplied by the three sets that were needed for me,

the court clerk (which was used by the trial witnesses), and opposing counsel, the total taxable cost for copies is $3,183.27.  I award that amount for the defendants' taxable copying costs.

Counterclaim Defendant Dennis R. Miller also filed a Bill of Costs requesting $7,684.89. ECF No. 150.  Counterclaimant Edward Weinmann objects that Miller did not prevail on Weinmann's counterclaims and thus is not entitled to recover his costs. ECF No. 151.  Miller did not respond to Weinmann's objection so he does not dispute this.  And I agree with Weinmann. Judge Mahan granted Weinmann summary judgment on his counterclaim for breach of contract. ECF No. 64 at 17.  Because Miller did not prevail on that counterclaim, he is not entitled to taxation of his costs. Fed. R. Civ. P. 54(d)(1).

I THEREFORE ORDER that the parties' respective Objections to the Bills of Costs **(ECF Nos. 151, 153) are granted** as set forth above.

I FURTHER ORDER that Miller's Bill of Costs **(ECF No. 150) is denied**.

I FURTHER ORDER that the defendants' Bill of Costs **(ECF No. 148) is modified** by reducing the line item for "Fees for exemplification and the costs of making copies" to $3,183.27.

I FURTHER ORDER the clerk of court to tax costs in favor of the defendants in the total amount of $8,472.97 and include that in the judgment.

DATED this 18th day of March, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2