**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DENNIS R. MILLER, et al.,

Plaintiffs

v.

EDWARD M. WEINMANN, et al.,

Defendants

Case No.: 2:19-cv-02213-APG-DJA

**Order Denying Defendants' Motion for Attorneys' Fees**

[ECF No. 149]

Dennis Miller and Omni Block sued Edward Weinmann and Advanced Masonry Consulting, Inc. for commercial misconduct involving the sale and promotion of insulated concrete blocks. After summary judgment, what remained was the plaintiffs' claims for trademark infringement and unfair competition and Weinmann's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contractual relations, and fraud. Weinmann pursued only his breach of contract counterclaim at trial. The jury found for the defendants on the plaintiffs' unfair competition claim and for the plaintiffs on Weinmann's breach of contract counterclaim. ECF No. 145. Regarding the plaintiffs' trademark infringement claim, the jury found that the defendants had infringed the plaintiffs' trademark but that the use was permitted as fair use. *Id.*

The defendants now move for attorneys' fees under Nevada Rule of Civil Procedure 68 and the Lanham Act, 15 U.S.C. § 1117(a). I deny the motion because Nevada law does not apply to the plaintiffs' federal claims and this is not an exceptional case that warrants awarding attorneys' fees.

**I. The Nevada offer of judgment rule does not apply to the plaintiffs' federal claims.**

The defendants seek attorneys' fees under the Nevada offer of judgment rule, arguing that they made the plaintiffs two offers that were more favorable than the plaintiffs' result at trial. The plaintiffs contend the Nevada rule does not apply to their federal trademark infringement and unfair competition claims brought under the Lanham Act.

Nevada Rule of Civil Procedure 68 and Nevada Revised Statutes (NRS) § 17.117 authorize parties to make an offer of judgment to resolve a case. If the defendant makes an unconditional offer under these rules and the plaintiff rejects it and fails to achieve a more favorable result at trial, the court can order the plaintiff to pay the defendant's post-offer costs and reasonable attorneys' fees "from the time of the offer." Nev. R. Civ. P. 68(f)(1)(B); NRS § 17.117(10)(b).

Under the *Erie* doctrine, federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law when they consider state claims. *Klein v. City of Laguna Beach*, 810 F.3d 693, 701-02 (9th Cir. 2016) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Attorneys' fees are substantive under *Erie*, meaning state attorneys' fees law applies to state claims when that law does not conflict with federal law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1279, 1282-84 (9th Cir. 1999) (affirming an award of attorneys' fees under state law for only state claims in an action involving federal and state claims). "[I]t is the nature of the claim on which a party prevailed (federal or state) that determines the law that applies (federal or state) to any request for attorneys' fees." *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1151 (9th Cir. 2023); *see also Mahoney v. Barlow*, 452 F. App'x 724, 726-27 (9th Cir. 2011) (noting a district court may allocate fees to federal and state claims).

The defendants argue that the plaintiffs' trademark infringement claim involved aspects of state law. They contend that this case depended on the plaintiffs' interest in an unregistered mark, so it was a claim for common law trademark infringement. As support, the defendants cite the plaintiffs' complaint and the joint pretrial order, which reference "common law trademark rights." ECF Nos. 38 at 8; 86 at 7. As the defendants' argument goes, "[t]he Lanham Act only provides protection to registered trademarks," and common law claims are governed by state law. ECF No. 156 at 6. Because the Orlando project, a focus of this case at trial, occurred before the plaintiffs registered their mark, the defendants contend the trademark infringement claim must be governed by state law.

I disagree with the defendants that the Lanham Act protects only registered trademarks. *See* 15 U.S.C. § 1125(a). "[A] plaintiff complaining of trademark infringement in federal court may invoke either federal or state protections, or both." *Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980). "[F]ederal courts ordinarily apply state law in diversity cases alleging infringement of an unregistered trademark." *Id.* at 916 n.6. But claims for infringement of unregistered trademarks may also be brought under the Lanham Act. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1012, 1014 (9th Cir. 1985) (analyzing a claim for "[d]eliberate and willful copying" of an unregistered trademark under 15 U.S.C. § 1125(a)). "Confusion as to the source of the substantive law is understandable because federal and state laws regarding trademarks . . . are substantially congruent," so "the choice of federal or state law frequently has no impact on the outcome" of a case.[1] *Int'l Ord. of Job's Daughters*, 633 F.2d at 916.

---

[1] The defendants cite *Int'l Ord. of Job's Daughters* for the proposition that "[t]rademark protections provided by state law do not track the protections provided by the Lanham Act." ECF

It is unclear whether the plaintiffs meant to bring their trademark infringement claim under federal law, state law, or both. Their complaint references "common law trademark rights" and "a federal trademark application" they filed for the term Omni Block. ECF No. 38 at 8. Whether the plaintiffs intended to bring their claim under federal law, state law, or both, the jury was instructed only on federal law regarding trademark infringement and unregistered marks. ECF Nos. 129 at 4-18 (citing Ninth Circuit model civil jury instructions); 144 at 18-25. The jury instructions on trademark infringement did not state that the plaintiffs are pursuing a separate common law trademark infringement claim or otherwise reference state law. *See* ECF No. 144 at 12-29. The joint jury instructions on trademark infringement the parties provided did not reference state law, and the defendants had the opportunity to object to both the jury instructions and verdict form. The sole objection the defendants raised was that the jury instruction on unfair competition under the Lanham Act should be collapsed into the trademark infringement instruction because "a claim for unfair competition under the Lanham Act involves the exact same elements as a claim for trademark infringement." ECF No. 132 at 2. To the extent the defendants now contend that the trademark infringement claim turned on state law that differed from federal law for unregistered marks, they did not raise the issue during trial or while settling jury instructions. Their reply to their motion for attorneys' fees appears to be the first time they have raised the issue. Accordingly, the jury was instructed only on federal law for trademark infringement, so the trademark infringement claim brought before the jury was a federal claim.

---

No. 156 at 6. But that case states that state law "need not track [protections] provided by the Lanham Act." 633 F.2d at 916.

Even if part of the plaintiffs' trademark infringement claim was brought under state law that overlapped with federal law, the Ninth Circuit has rejected the notion that state attorneys' fees laws may apply to federal claims if "there is a sufficient entanglement between the state and federal law issues that arose in the litigation." *Chicken Ranch Rancheria of Me-Wuk Indians*, 65 F.4th at 1151 (quotation omitted) (holding that courts do not "conduct an indeterminate analysis into how much state law was at play in the litigation," rather, the relevant inquiry is whether the plaintiffs brought a state or federal law claim). And even if I was permitted to determine how much of the plaintiffs' trademark infringement claim fell under state law and apportion fees proportionally, the jury's verdict states only that the defendants infringed the plaintiffs' trademark. It does not delineate whether their conclusion was based on infringement of an unregistered or registered mark, so there is no way to identify which instructions the jury relied on to reach its verdict. Thus, there would be no way to apportion fees to the state law portions of the trademark infringement claim based on the jury's verdict.

There is a final problem with the defendants' argument. They have not explained why they are entitled to attorneys' fees on the issue of trademark infringement when the jury found against them on that question. Ultimately, the defendants prevailed on a fair use defense, but they do not argue fair use was governed by state law. Regardless, the jury instructions on fair use also instructed only on federal law. ECF Nos. 129 at 26-27 (citing Ninth Circuit model civil jury instructions); 144 at 31-33.

Because the plaintiffs' trademark infringement claim was tried before the jury as a federal claim and the jury relied only on federal law in reaching their verdict, Nevada's offer of judgment rule does not apply to that claim. The defendants do not argue that the federal offer of

judgment rule applies. I therefore decline to analyze whether the defendants' offers of judgment permit granting their attorneys' fees and deny the motion for attorneys' fees on this ground.

**II. This is not an exceptional case where awarding attorneys' fees is warranted.**

The defendants also move for attorneys' fees under the Lanham Act, arguing that this case is an exceptional one warranting a fee award because the plaintiffs' claims were weak and that the plaintiffs sought to remove Weinmann from the insulated block industry, attempted to bankrupt him in legal fees, and threatened criminal prosecution against him. The plaintiffs contend that attorneys' fees are not justified when two of their claims survived the defendants' motions for summary judgment and judgment as a matter of law and the jury found for the plaintiffs on the question of trademark infringement. They argue that Miller's aggressive settlement negotiations do not affect the merits of their case or the manner in which it was litigated.

Under the Lanham Act, courts "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of" a nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances for compensation and deterrence. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (citation omitted) (quoting *Octane*

*Fitness*, 572 U.S. at 554 & n.6). The party moving for fees has the burden of showing exceptional circumstances by a preponderance of the evidence. *Id.*

I have considered the factors listed in *SunEarth* and find that this is not an exceptional case warranting an award of attorneys' fees. Most importantly, the plaintiffs' case was not frivolous or objectively unreasonable and thus does not stand out based on the way they litigated the case. Two of the plaintiffs' claims made it to a jury, and the jury found for the plaintiffs on the question of trademark infringement. ECF No. 145 at 1. Several of the plaintiffs' claims were dismissed at summary judgment but that does not make their case frivolous. ECF No. 64 at 17. Claims regularly drop out during litigation, and the defendants themselves chose not to pursue multiple claims at trial. ECF No. 152-1 at 2. The defendants argue that the plaintiffs "failed to present any testimony from critical witnesses that were arguably necessary for Plaintiffs to prove their claims." ECF No. 149 at 19. But the jury's finding in favor of the plaintiffs on the question of trademark infringement undermines that contention.

The evidence showed that Weinmann had a commercial relationship with the plaintiffs that fell apart and that Weinmann began competing with the plaintiffs in the insulated concrete block industry. Although the plaintiffs did not succeed on their claims at trial, their claims were not frivolous. In bringing this lawsuit, Miller may have been motivated by personal animus against Weinmann, but he also had legitimate reasons to sue to protect his company and financial interests. The plaintiffs sought to remove Weinmann from the industry. This may have been motivated by a personal vendetta against Weinmann, but it also could have been to avoid competition from a former insider in their company who allegedly was using the plaintiffs' mark. The defendants argue that the plaintiffs acted in bad faith by seeking a settlement that would ban Weinmann from their industry because the court could not grant that remedy. The defendants

cite no law that such a request constitutes bad faith, nor could they because parties are free to negotiate terms during settlement that courts are unable to provide, such as public apologies. There is no indication this case was brought only to extort an unfair settlement from Weinmann, especially when the case was ultimately pursued through trial.[2]

**III. Conclusion**

I THEREFORE ORDER that the defendants' motion for attorneys' fees **(ECF No. 149) is DENIED.**

I FURTHER ORDER the clerk of court to close this case.

DATED this 5th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

[2] I do not condone threats of criminal prosecution, which may constitute ethical violations. *See* Model Code of Pro. Resp. DR 7-105(A) (A.B.A. 1980) ("A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."); A.B.A. Comm. on Ethics & Pro. Resp., Formal Op. 92-363 (1992) (explaining that when a threat of criminal prosecution amounts to extortion or some other crime under the criminal law of the jurisdiction where the threat occurs, that conduct violates Model Rule 8.4(b)); NRS § 207.180.